COBB, Judge,
dissenting.
This cause need not be remanded for an evidentiary hearing on the merits of the appellant’s allegations of newly discovered evidence. Assuming the appellant’s allegations are true, the appellant has not presented facts in his petition sufficient to show that the alleged evidence would have amounted to anything more than impeachment evidence; that it would have changed the result of his trial; or that it would have established his innocence. Rules 32.1(e)(3), (4), and (5).
Regarding Rule 32.1(e)(5), Ala.R.Crim.P., Justice Maddox stated in Alabama Rules of Criminal Procedure, the following:
“ ‘[T]he facts [must] establish that petitioner is innocent of the crime for which petitioner was convicted or should not have received the sentence that petitioner received.’ The last subsection (Rule 32.1(e)(5)) was a new provision, which was not included in the original draft of Rule 32, and was advanced by the Alabama Attorney General.[1]
“Clearly, subsection (e), as finally drafted, places a heavy burden on a petitioner when the ground is ‘newly discovered material evidence.’
2 Hugh Maddox, Alabama Rules of Criminal Procedure 978-79 (2d ed. 1994). Because the appellant failed to show that his allegations met the criteria found in Rule 32.1(e), his petition was not meritorious on its face, and the trial court’s summary denial was correct. For this reason, I must respectfully dissent.

. "In a memorandum submitted to the Court by the Attorney General, Rule 32.1(e)(5) was explained as follows:
"'[Rule 32.1(e)(5)] adds an element to those which must be shown before a petitioner is entitled to a new trial based on evidence not presented at the original trial. The added element is the requirement that the petitioner establish that he is innocent of the crime for which he was convicted or establish that he should not have received the sentence he did.’ ”